UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CROWLEY, et al., :
:
          Plaintiffs, :
  v. : Civil Action No. 3:14-cv-2433-BRM-TJB
:
:
SIX FLAGS GREAT ADVENTURE, et al., :
: **OPINION**
          Defendants. :
_____:

**MARTINOTTI, U.S.D.J.**

      Before this court is Defendant Six Flags Great Adventure's (hereinafter referred to as "Six Flags") Motion to Strike the October 23, 2015, Affidavit of Mark T. Hanlon, P.E. Upon reviewing the papers submitted by the parties, and the court having held a status conference and hearing on the motion on August 18, 2016, for the reasons set forth below and for good cause having been shown, Six Flags' motion is **DENIED**.

**I. BACKGROUND**

      Plaintiff Jonathon Crowley (hereinafter referred to as "Crowley") alleges to have suffered an injury involving the American Hi-Striker game at Six Flags. Crowley retained Mark T. Hanlon as his liability expert. The amended scheduling order set forth by Magistrate Judge Tonianne Bongiovanni required Crowley to serve his expert report by April 14, 2015, and Six Flags to serve their expert report by May 30, 2015. Crowley served Hanlon's expert report ("Hanlon Report") on April 14, 2015, and Six Flags served the expert report of Ned R. Hanson, Ph. D., P.E. ("Hanson Report") on May 15, 2015.

On October 10, 2015, Six Flags filed a Motion to Preclude Plaintiff's Proposed Liability Expert and For Summary Judgment alleging, in short, that the Hanlon Report was a net opinion and, absent an expert report, Crowley could not succeed on its Complaint. [DE #21]. In opposition, Crowley filed an Affidavit by Hanlon ("Hanlon Affidavit") [DE #29]. Judge Bongiovanni asked the parties to informally brief any remaining discovery issues, at which point Six Flags objected to the Hanlon Affidavit and moved to strike it as out of time.[1] Judge Bongiovanni terminated the summary judgment motion and motion to preclude the Hanlon Report and ordered the parties to brief the Motion to Strike the Hanlon Affidavit before Judge Shipp. Crowley filed an opposition to the Motion to Strike the Hanlon Affidavit on March 17, 2016 [DE #37] before the case was transferred to this Court. This Court held a hearing and status conference on August 18, 2016.

Six Flags argues the Hanlon Affidavit serves to supplement the Hanlon Report beyond the time set by the court for expert reports. Six Flags contends Crowley, upon receipt of the Hanson Report, did not ask to supplement the Hanlon report, nor did they ask to do so when the case went to arbitration. Further, Six Flags argues the Hanlon Affidavit should be stricken because it only serves to supplement an already inadmissible report.

Crowley contends the Hanlon Affidavit rebuts the Six Flags' motion for summary judgment and is not intended to supplement the Hanlon Report. In support, Crowley cites to Federal Rule of Civil Procedure 56(c)(4) which Crowley states permits submission of affidavits in opposition to summary judgment motions. Further, Crowley argues the Hanlon Affidavit does not supplement the Hanlon Report because it does not contain any new or contradictory opinions.

## II. LEGAL STANDARD

---

[1] The motion was raised in December 2015 before Judge Bongiovanni and dated December 11, 2015. It did not appear on the docket until March 18, 2016. [DE #38.]

Federal Rule of Civil Procedure 56(c)(4) states, in pertinent part: "An affidavit of declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." An expert supplying an affidavit need not have personal knowledge of the facts; it is suitable under Rule 56 so long as the affidavit is admissible at trial. *Reliance Ins. Co. v. Eisner & Lubin*, 685 F. Supp. 449, 455 n.14 (D.N.J. 1988).

**III. DECISION**

The sole question before this Court is whether the Hanlon Affidavit should be considered in opposition to Six Flags' motion for summary judgment and motion to strike the Hanlon Report.[2] At this time, the Court will not make a determination as to the admissibility of the Hanlon Report, nor will the Court make a determination as to Mr. Hanlon's qualifications or reliability as an expert. For purposes of this discrete issue, it is assumed the Hanlon Report is admissible. Counsel can brief this issue when the motion for summary judgment and motion to strike the Hanlon Report is refiled.

This Court finds that the Hanlon Affidavit was filed in opposition to Six Flags' motion and therefore was not bound by Crowley's expert report deadline. Additionally, the Hanlon Affidavit was filed in accordance with Fed. R. Civ. Pro. 56. Therefore, the Hanlon Affidavit will be considered should the motion for summary judgment and motion to strike the Hanlon Report be refiled.

**IV. CONCLUSION**

For the reasons set forth above, Six Flags' motion is **DENIED.**

---

[2] It is noted that this motion has been administratively terminated, but counsel advised the Court at the status conference, notwithstanding the disposition of the instant motion, the prior motion will be refiled.

           <u>/s/ Brian R. Martinotti  </u>
           BRIAN R. MARTINOTTI, U.S.D.J.

Dated:  August 26, 2016